UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
              :
100 ORCHARD STREET, LLC D/B/A                 :
BLUE MOON HOTEL,                              :
              :           20-CV-8452 (JMF)
                    Plaintiff,                :
              :
       -v-                                    :           MEMORANDUM OPINION
              :                    AND ORDER
THE TRAVELERS INDEMNITY                       :
COMPANY OF AMERICA,                           :
              :
                    Defendant.                :
              :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  On October 19, 2020, Plaintiff 100 Orchard Street, LLC filed a motion to remand this case to New York State court, from which it had been removed by the Travelers Indemnity Company of America ("Travelers").  In particular, Plaintiff alleges that the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332, the statute invoked by Travelers in its notice of removal, because the amount-in-controversy requirement is not satisfied.  *See* ECF No. 14, at 1.  Upon review of the parties' submissions, the Court DENIES Plaintiff's motion, substantially for the reasons set forth in Defendant's memorandum of law.  *See* ECF No. 17.

  Briefly stated, Section 1332 endows the federal courts with subject-matter jurisdiction where the amount in controversy exceeds $75,000 and the parties are of diverse citizenship.  *See* 28 U.S.C. § 1332(a). As Defendant notes, "[i]n actions seeking declaratory or injunctive relief," such as this one, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.,* 442 F.3d 767, 769 (2d Cir. 2006) (per curiam) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)) (internal quotation marks omitted).  Here, it is plain that the value of the litigation to

Plaintiff exceeds the jurisdictional threshold of $75,000 — and, more to the point, Defendant, which bears the burden of pleading jurisdiction to support removal, *see, e.g.*, 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), plausibly alleges that it does so, *see, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 2130904, at *1 (S.D.N.Y. May 6, 2015) (considering "parties' memoranda" and "supplemental submissions" to determine that defendant "has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000"). Among other things, Plaintiff — a boutique, luxury hotel in Manhattan — seeks insurance coverage pursuant to a policy providing $1,250,000 in coverage for business income and extra expense loss due to COVID-19. More specifically, Plaintiff seeks a declaration requiring coverage for (1) three months' total loss of business income (an amount that, one can infer, exceeds $100,000, Plaintiff's monthly mortgage payment); (2) at least two months' partial loss of business income; (3) loss of monthly rental income from a commercial tenant; (4) additional "[e]xpenses incurred"; and (4) future loss of income from mandated closures in New York City. *See* ECF No. 17, at 10-11. Notably, Plaintiff itself alleges that it has suffered "massive business income losses" — and that these losses continue to grow. ECF No. 2-2, ¶ 74.

Accordingly, Plaintiff's motion to remand is DENIED as meritless. In light of that denial and the pending motion to dismiss, *see* ECF No. 9, Plaintiff shall file any amended complaint by **December 2, 2020**. If no amended complaint is filed, Plaintiff shall file its opposition to the motion to dismiss by **the same date**. Defendant's reply, if any, shall be filed by **December 9, 2020**. The Clerk of Court is directed to terminate ECF No. 14.

SO ORDERED.

Dated: November 16, 2020
      New York, New York

                                              JESSE M. FURMAN
                                       United States District Judge