**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
100 ORCHARD STREET, LLC,

                Plaintiff,

-against-                      20 **CIVIL** 8452 (JMF)

                                    **JUDGMENT**

THE TRAVELERS INDEMNITY INSURANCE
COMPANY OF AMERICA,

                Defendants.
-----------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated June 8, 2021, Travelers's motion to dismiss is GRANTED, and Orchard Street's Amended Complaint is dismissed in its entirety. Moreover, the Court declines to grant Orchard Street leave to amend its Amended Complaint *sua sponte*. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted). Here, the problems with Orchard Street's claims are substantive, so amendment would be futile. *See, e.g.*, *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). Moreover, Orchard Street does not request leave to amend or suggest that it is in possession of facts that would cure the problems with its claims. *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."); accord *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Finally, the Court granted Orchard Street leave to amend its original complaint in response to Travelers's motion to dismiss and explicitly warned that it would "not be given any further opportunity to amend the complaint to address issues raised by the motion to; dismiss." ECF No. 13; *see, e.g.*, *Transeo*

*S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." (citing cases)), judgment is entered for Defendant, and the case is closed.

**Dated:**  New York, New York

      June 9, 2021

                        **RUBY J. KRAJICK**
                        **Clerk of Court**

**BY:**

                        **Deputy Clerk**